NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2616-15T3

VINCENT PISCITELLI and ROSE
MARY PISCITELLI,

 Plaintiffs-Appellants,

v.

CITY OF GARFIELD ZONING BOARD
OF ADJUSTMENT; ARLENE PATIRE;
ROBERT COCHRANE; DSJ FAMILY
TRUST; DANIEL P. CONTE, III,
STACEY A. CONTE and JAMIE G.
KRESHPANE, Trustees of the DSJ
Family Trust; and DR. DANIEL P.
CONTE, JR.,

 Defendants-Respondents.
___________________________________

 Argued May 23, 2017 – Decided July 12, 2017

 Before Judges Reisner, Koblitz and Mayer.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County, Docket
 No. L-20013-14.

 Anthony J. Sposaro argued the cause for
 appellants.

 Alyssa A. Cimino argued the cause for
 respondents City of Garfield Zoning Board of
 Adjustment, Arlene Patire and Robert Cochrane
 (Cimino Law, attorneys; Ms. Cimino, on the
 brief).
 Charles H. Sarlo argued the cause for
 respondents DSJ Family Trust; Daniel P. Conte,
 III, Stacey A. Conte, Jamie G. Kreshpane, and
 Dr. Daniel P. Conte, Jr.

PER CURIAM

 Plaintiffs Vincent Piscitelli and Rose Mary Piscitelli appeal

from a February 4, 2016 order dismissing their complaint in lieu

of prerogative writs, challenging a resolution by the Garfield

Zoning Board of Adjustment (zoning board) granting a land use

application filed by defendant DSJ Family Trust.

 On this appeal, plaintiffs present the following points of

argument:

 POINT I

 THE APPROVAL OF THIS SITE PLAN, TOGETHER WITH
 FOUR USE VARIANCES AND SEVERAL BULK VARIANCES
 WAS ARBITRARY, CAPRICIOUS OR UNREASONABLE

 POINT II

 THE RESOLUTION ADOPTED BY THE BOARD LACKS THE
 NECESSARY SPECIFIC FINDINGS NECESSARY TO
 JUSTIFY GRANTING VARIANCE RELIEF

 POINT III

 FIVE BOARD MEMBERS WHO WERE EMPLOYED BY THE
 GARFIELD BOARD OF EDUCATION OR WHOSE IMMEDIATE
 FAMILY MEMBERS WERE EMPLOYED BY THE BOARD OF
 EDUCATION WERE DISQUALIFIED FROM HEARING THIS
 APPLICATION RENDERING THE ACTIONS OF THE BOARD
 NULL AND VOID

 2 A-2616-15T3
 POINT IV

 THE EXISTENCE OF A PHYSICIAN-PATIENT
 RELATIONSHIP BETWEEN A PHYSICIAN-APPLICANT
 AND BOARD MEMBER OR THEIR IMMEDIATE FAMILY
 MEMBER CAN CREATE A CONFLICT OF INTEREST
 REQUIRING DISQUALIFICATION; THE HIPPA PRIVACY
 RULES DO NOT PREVENT DISCLOSURE OF THAT
 RELATIONSHIP BY THE PATIENT

 POINT V

 BOARD MEMBER COCHRANE HAS A CONFLICT OF
 INTEREST; HIS PARTICIPATION IN THE HEARING
 PROCESS RENDERS THE BOARD'S DECISION NULL AND
 VOID

 POINT VI

 THE REFUSAL TO PERMIT CROSS-EXAMINATION OF
 THIRTY-ONE MEMBERS OF THE PUBLIC WHO TESTIFIED
 BY THE OBJECTOR'S COUNSEL VIOLATES DUE PROCESS
 RENDERING THE BOARD'S ACTIONS NULL AND VOID

 Those arguments were previously presented to the trial court

and were rejected by Judge William C. Meehan in an oral opinion

issued on July 7, 2015, and a comprehensive written opinion dated

January 11, 2016. We have reviewed the record, including the

transcripts of the zoning board hearings and the proceedings before

Judge Meehan. Based on that review, we affirm substantially for

the reasons stated in Judge Meehan's oral and written opinions.

We also conclude that plaintiffs' appellate arguments are without

sufficient merit to warrant further discussion beyond the

following brief comments. See R. 2:11-3(e)(1)(E).

 3 A-2616-15T3
 The application concerns an unsightly, partially abandoned

commercial development located partly in a residential zone and

partly in the B-2 business zone. The record suggests that the

zoning was outdated. The property had always been the site of

commercial, automotive-related uses, and the residential-zoned lot

had never been used for residential purposes. At the time of the

hearings, the site contained an auto repair shop and former gas

station, from which the gas pumps had been removed, a small unused

office building, an abandoned loading dock and warehouse formerly

occupied by a trucking company, and a parking lot used to store

trucks.

 Based on expert testimony it found credible, the zoning board

granted variances permitting the applicant to build three related

commercial uses on the property - a car wash, gas station, and

quick lube. We find no basis to second-guess the board's factual

findings and credibility determinations, and based on its findings

the board's decision was not arbitrary and capricious. See Kramer

v. Bd. of Adjustment, Sea Girt, 45 N.J. 268, 296 (1965). We agree

with Judge Meehan that the zoning board's resolution was sufficient

to support its factual and legal determinations. See Price v.

Himeji, LLC, 214 N.J. 263, 301-02 (2013).

 We likewise defer to Judge Meehan's findings of fact and

credibility determinations concerning an alleged conflict of

 4 A-2616-15T3
interest on the part of board member Cochrane. See Rova Farms

Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974). After

holding a testimonial hearing, Judge Meehan concluded that

Cochrane was a credible witness, and the allegations supporting

the alleged conflict were not true.

 The judge also rejected conflict allegations against other

zoning board members who worked for the local board of education

(BOE) or whose relatives worked there. The allegations arose

because Dr. Ken Conte, a member of the BOE, had previously been a

part owner of two of the lots, through an individual trust in his

name. However, prior to the filing of the current land use

application, the property was sold to defendant DSJ Family Trust

(DSJ), a separate trust over which Dr. Conte has no control.1 His

adult nieces and nephew are the beneficiaries and trustees of DSJ.

 We agree with Judge Meehan that the zoning board members were

not disqualified from voting on the application. Plaintiffs'

reliance on Sokolinski v. Municipal Council of Woodbridge, 192

N.J. Super. 101, 103 (App. Div. 1983), is misplaced, because the

BOE was not the applicant, and the application did not concern BOE

property or property owned by a BOE official. Moreover, the

connection between DSJ and the BOE was too attenuated to support

1
 DSJ paid $420,500 for the property. There is no evidence that
the price was not fair market value.

 5 A-2616-15T3
a finding of a conflict of interest on the part of the zoning

board members. See Van Itallie v. Franklin Lakes, 28 N.J. 258,

269 (1958).

 Affirmed.

 6 A-2616-15T3